## Richmond.

HASH v. LORE, DAVAULT & McKARNEY.

January 28th, 1892.

1. SALES OF GOODS—*Title retained.*—Where vendor of goods, by unrecorded bill of sale, delivers possession, but retains title until price is paid, such sale is void as to creditors of and purchasers for value without notice from such vendee. Code, § 2462.

2. IDEM—*Case at bar.*—Where vendor of goods, by unrecorded bill of sale, delivers possession, but retains title to and control over them, and requires proceeds of sales paid daily to him on the price, and fails to keep up the stock according to his contract, whilst the vendees faithfully perform their part; and at length he sues out an attachment, and seizes upon the goods for an alleged balance;

HELD:

    Vendor has no claim to priority over other creditors of the vendees, and no claim against them, as he has violated, and they have kept, their contract.

Argued at Wytheville. Decided at Richmond. Appeal from decree of corporation court of city of Bristol, rendered December 5th, 1890, in an attachment in equity, wherein F. N. Hash was complainant, and A. J. Lore, C. C. Davault and J. H. McKarney, partners in the name of Lore, Davault & McKarney, were defendants. The decree being· favorable to the defendants, the complainant appealed. Opinion states the case.

*A. H. Blanchard,* for appellant.

*C. J. St. Johns, Charles R. Nance, Fulkerson, Page & Hurt* and *J. H. Wood,* for appellees.

LACY, J., delivered the opinion of the court.

The case is as follows: The appellant, F. N. Hash, a merchant doing business in the city of Bristol, in Virginia, had in his employment as clerks the appellees, A. J. Lore, C. C. Davault, and J. H. McKarney; made a contract in writing with them on the 1st day of January, 1890, by which it is set forth that he is the owner of a stock of goods worth $16,487.98, and that as he was going into the banking business, that he had sold the said stock of goods to the said Lore, Davault & McKarney at the above-stated sum, Hash to retain the title to the goods, and to retain control and supervision of the same until the business of Lore, Davault & McKarney by the amount of the sales, less the general expenses, should amount to enough to pay him the said sum without interest; that the vendees should pay over to him (Hash) every morning the entire sales made, which should be credited to them on the amount due Hash until the purchase-money was paid in full, and, if the purchasers failed to comply with their contract, he (Hash) should have the right to place such salesman in charge as he should think proper; that the purchasers should not encumber the property, and that Hash would pay all bills made by the said purchasers, and that the personal expenses of the purchasers should be paid out of the sales, and that Hash was to give a reasonable time for the payments to be made on these goods. The business of the store was carried on for over three months; the money was turned over to Hash, and he paid expenses and bills for keeping up the stock, and credited the residue, when in April he sued out a foreign attachment in equity, claiming that the parties still owed him $6,916.27, and seized the goods.

The vendees answered, claiming that they had complied with their contract, and had, in a large degree, extinguished the debt due Hash, but that he had, in violation of their agreement with him, opened a charge against them in his bank, a

mere partnership concern, and not paid the bills made for replenishing the stock, and had failed to either credit them for the sales, or to pay the bills made by his authority, and that what bills had been paid off Hash had charged to them in said banking-house, claiming that the bank had paid them. The said bank had united in the suit with Hash and Millhiser & Co., Yancey, Bosher & Co., Austin, Nichols & Co., and many other creditors of the firm. Lore, Davault and McKarney filed petitions in the cause, claiming, by subsequent attachments to have the right to a prior lien to Hash, Lore, Davault and McKarney living in the same city of Bristol, but across the Virginia line, in the State of Tennessee. Depositions were taken, and the cause referred to a commissioner for account of the debts and report in the case, and a receiver was appointed to take charge of and sell the attached goods. The commissioner, after completing the taking of the testimony, reported the amount of the debts due for goods other than that due to Hash; that Hash was prior in time in his attachment, but that under our Code he was postponed to the other creditors suing out attachments, because the contract under which he claimed was in writing, and not recorded, and that section 2462 of the Code provides that "Every sale, or contract for the sale of goods and chattels, wherein the title is reserved until the same be paid for in whole or in part, or the transfer of the title is made to depend upon any condition, and possession be delivered to the vendee, shall be void as to creditors of, and purchasers for value, without notice from such vendee, unless such contract be evidenced by writing executed by the vendor, in which the said reservation or condition is expressed, and until and except from the time the said writing is duly admitted to record in the county or corporation in which the said goods or chattels may be," &c., and that the contract was concealed and secret, and that Hash, holding secretly and concealing this unrecorded writing, had induced innocent and unsuspecting persons to grant credit to Lore, &c., upon the faith of goods

which he had put in their possession, and induced these persons to sell to them goods which passed to him, and not to Lore, &c., as soon as delivered, if his contract was effectual.

And the commissioner further reported that Hash had no valid claim against Lore, Davault and McKarney for the balance remaining after paying the other creditors and the costs, because he had violated his contract in not paying the bills for goods as he agreed to do, and as he for a time did do, and because he did not give to the firm a fair and reasonable chance to pay for the goods as he had agreed to do.

The report was excepted to by the parties to whom it was adverse, when the court, by the decree appealed from, overruled the exceptions to the report taken by Hash and the Exchange bank, because of the findings against them, and sustained an exception of Millhiser & Co. as to an item of $230.62 allowed one Cox, and, after correcting the report in some minor particulars, confirmed the same. *Held:* That Hash and the Exchange bank had no prior lien or claim on the attached goods of Lore, &c., but that the creditors yet unpaid of the said firm were entitled to priority, and the receiver was directed to pay their debts; that Hash was entitled to nothing under his contract, he having violated the same in the manner set forth by the commissioner, and already stated, and that the said bank had no valid claim against Lore, &c., the said firm never having had any dealings with the said bank, directly or indirectly; and, after holding that at the time of suing out of the attachment that F. N. Hash had no valid claim against the said Lore, &c., it nevertheless provided in the same decree that the clear residue, after paying all other creditors and all costs, if there should be any surplus, should be paid to F. N. Hash. Hash and the Merchants Exchange bank, mentioned above, appealed from this decree.

We are of opinion that as to the question of the priority of the creditors other than Hash, who claimed under a contract such as has been described, and which has not been recorded,

under the above-recited section of the Code of Virginia, the decree is plainly right; and as to Hash, there being no debt due him under his contract when the suit was brought, he had no valid claim under his contract against the said Lore, &c.; that the defendants had kept their contract, and that it had been violated by him.

And we are of opinion that, it being established that the defendants, Lore, &c., had never themselves had any transaction with the said banking company to borrow money from it, nor authorized any other person to do so, neither the said bank nor Hash had any valid claim against the defendants at the time they assumed to be creditors and sued out the attachment against the defendants upon claims which cannot be sustained, there being nothing to support it except the naked fact that the defendants were non-residents. Under section 2964 of the Code of Virginia, the bill and attachment proceedings should have been dismissed, as far as Hash was concerned, certainly. See *Wingo, Ellett & Crump* v. *Purdy*, 87 Va. Rep., p. 476. And, if complained of, the direction in the decree that the clear residue, after all debts are paid and all costs, shall be paid to Hash, would be corrected; but, as that may be done in a future decree, and as Lore, Davault & McKarney do not object to this, whom alone it can affect injuriously, and ask that the decree be affirmed, it is doubtless immaterial, and upon the whole case the decree complained of and appealed from will be affirmed.

DECREE AFFIRMED.